UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TUSHARKUMAR PATEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:26-cv-00504-JRO-MG |
| ) | |
| MARKWAYNE MULLIN Secretary, U.S. ) | |
| Department of Homeland Security, ) | |
| TODD BLANCHE Attorney General of the ) | |
| United States, ) | |
| SAMUEL OLSON Field Office Director, ) | |
| Chicago Field Office, Immigration and ) | |
| Customs Enforcement, ) | |
| WARDEN Clay County Justice Center, ) | |
| ) | |
| Respondents. ) | |

**ORDER FOR SUPPLEMENTAL BRIEFING**

A panel of the United States Court of Appeals for the Seventh Circuit recently held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A) [of the INA], and are eligible for bond hearings subject to the INA's other requirements." *Rojas v. Olson*, No. 25-3127, --- F.4th ---, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026). The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at *7. Respondents are therefore **ORDERED** to state by **August 5, 2026**, their position concerning whether, based on *Rojas*, Petitioner is entitled to relief and, if so, the nature of that relief. If Petitioner

opposes Respondent's position, he may file a response within **three (3) days** of the Respondents' brief(s).

**SO ORDERED.**

Date: 7/31/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record

2