UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TUSHARKUMAR PATEL,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br>SAMUEL OLSON,<br>WARDEN,<br><br>Respondents. | ) | No. 2:26-cv-00504-JRO-MG |

**ORDER DISMISSING PETITION**

Petitioner, Tusharkumar Patel, is a noncitizen detainee who was held on behalf of U.S. Immigration and Customs Enforcement ("ICE") at the Clay County Jail in Brazil, Indiana. On July 17, 2026, he filed a petition for a writ of habeas corpus challenging his detention. He sought immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a) in the alternative. Dkt. 1 at ¶ 60.

On August 27, 2026, Respondents filed a notice with the Court stating, "Petitioner received an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and the request for change in custody status was granted." Dkt. 18 at 1. Petitioner has not responded or filed anything with the Court.

It appears that Petitioner was granted the relief he sought. Accordingly, this action is moot. *See* 28 U.S.C. § 2241(c)(3) (stating that habeas corpus shall extend to a petition who demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States."); *Washington v. Smith*, 564

F.3d 1350, 1350 (7th Cir. 2009) ("It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief."); *White v. Indiana Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001) (stating that an action becomes moot once a court's ruling will change the length of the petitioner's custody).

The Court, *sua sponte*, **dismisses** this action without prejudice for lack of subject matter jurisdiction. *See Cont'l Indemnity. Co. v. BII, Inc.*, 104 F.4th 630, 636 (7th Cir. 2024) ("F]ederal courts have an independent obligation to ensure that they have subject matter jurisdiction over each case heard, regardless of whether the parties have raised the issue. . . . If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (citations omitted)); *Cirrus Rojas v. Olson*, 183 F.4th 909, 916 (7th Cir. 2026) ("The mootness doctrine 'addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit,' stripping a federal court's subject-matter jurisdiction." (citation omitted)).

The clerk is **directed** to enter final judgment.

**SO ORDERED.**

Date: 9/4/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel